UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| iLAB SOLUTIONS LLC, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | 14-cv-14267-ADB |
| | * | |
| IDEA ELAN, LLC and MASILAMANI | * | |
| ELANGOVAN, individually and d/b/a | * | |
| IDEA ELAN, INC., | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM AND ORDER

April 1, 2015

BURROUGHS, D.J.

## I. Introduction

Plaintiff iLab Solutions, LLC ("iLabs"), a web-based management software services company, filed this action against a competitor, Idea Elan, LLC and its owner, Masilamani Elangovan ("Mr. Elangovan"), individually and doing business as Idea Elan, Inc. (together, "Defendants" or "Idea Elan"), alleging that Idea Elan copied material from iLabs' website, published it on Idea Elan's website, attempted to pass it off as Idea Elan's own material, and made false and misleading statements on Idea Elan's website in order to compete unlawfully with iLabs. Based on this alleged conduct, iLabs brings five claims against Idea Elan: copyright infringement (Count I), false advertising under the Lanham Act (Count II), misleading advertising under G.L. c. 266, § 91 (Count III), unfair or deceptive acts or practices under G.L. c. 93A ("Chapter 93A") (Count IV), and unfair competition (Count V).

Before the Court is Idea Elan's partial motion to dismiss Count IV of iLabs' complaint (the Chapter 93A claim) for failure to state a claim under Rule 12(b)(6) of the Federal Rules of

Civil Procedure, on the ground that the complaint does not sufficiently allege that the unfair or deceptive conduct "primarily and substantially" took place in Massachusetts, as required by G.L. c. 93A, § 11 ("Section 11"). [ECF No. 17.] For the reasons explained in this Memorandum and Order, Idea Elan's partial motion to dismiss is <u>DENIED</u> without prejudice to renewal before trial.

## II.     Summary of Relevant Factual Allegations

In its complaint [ECF No. 1], iLabs makes the following factual allegations, which the Court accepts as true for purposes of a motion to dismiss.

iLabs is a Massachusetts company headquartered in Boston, Massachusetts. [<u>Id.</u> ¶¶ 6, 9.] iLabs provides web-based management software services to academic research institutions throughout the country, including NIH-funded universities, research hospitals, and independent institutes. [<u>Id.</u> ¶ 9.] iLabs maintains a website that it uses to market to prospective clients and owns a federally registered copyright in its webpages. [<u>Id.</u> ¶¶ 10, 15.] The copyrighted materials were created and are maintained in Massachusetts. [<u>Id.</u> ¶ 5.]

Idea Elan is a software company that competes with iLabs for software services, targeting the same customer base throughout the United States. [<u>Id.</u> ¶¶ 16, 21.] Idea Elan, LLC is a Virginia company, and its owner, Mr. Elangovan, is a Virginia resident. [<u>Id.</u> ¶¶ 7-8, 17.]

In October 2014, iLabs discovered substantially similar copies of iLabs' copyrighted materials on Idea Elan's website. [<u>Id.</u> ¶ 22.] Additionally, Idea Elan's website made false and misleading statements about Idea Elan's service capabilities and customers. [<u>Id.</u> ¶¶ 30-33.] These statements harmed iLabs by (1) giving the marketplace a false impression that Idea Elan is more experienced and successful than it is and has greater proven capabilities than is has, and (2) causing iLabs to lose business. [<u>Id.</u> ¶ 34.] iLabs does not specify in its complaint where the

2

business was lost (that is, where any lost customers were located). However, iLabs alleges that "a substantial part of the events or omissions giving rise to the claims occurred in this District where Defendants have committed infringing acts and false advertising, and continue to do business and to commit infringing acts and false advertising." [Id. ¶ 3.] iLabs further alleges that Idea Elan transacts business in Massachusetts, including attempting to solicit business from research institutions and universities in Massachusetts, and that Idea Elan uses its website to target Massachusetts customers. [Id. ¶ 4.]

## III.   Discussion

### A.   Legal Standard – Motion to Dismiss

On a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court accepts as true all well-pleaded facts in the light most favorable to the plaintiff and draws all reasonable inferences from those facts in favor of the plaintiff. United States ex rel. Hutcheson v. Blackstone Med., Inc., 647 F.3d 377, 384 (1st Cir. 2011). Under the liberal notice pleading standard of Rule 8(a)(2) of the Federal Rules of Civil Procedure, a plaintiff is required to submit "a short and plain statement of the claim" in order to give the defendant "fair notice" of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Although notice pleading does not require detailed factual allegations, "more than labels and conclusions" are required to survive a motion to dismiss. Id. A "formulaic recitation of the elements of a cause of action" is not enough. Id. The facts alleged must "raise a right to relief above the speculative level." Id. The plaintiff must "nudge[] [the] claims across the line from conceivable to plausible," or the claims will be dismissed. Id. at 570.

**B. iLabs Has Stated a Valid Claim for a Violation of Chapter 93A**

Idea Elan has moved to dismiss iLabs' Chapter 93A claim on the ground that the complaint does not sufficiently allege that the unfair or deceptive conduct "primarily and substantially" took place in Massachusetts. Section 11 of the Massachusetts Consumer Protection Act, which governs commercial transactions between businesses, provides: "No action shall be brought or maintained . . . unless the actions and transactions constituting the alleged . . . unfair or deceptive act or practice occurred primarily and substantially within the commonwealth." G.L. c. 93A, § 11, eighth par. The statute further provides that "the burden of proof shall be upon the person claiming that such transactions and actions did not occur primarily and substantially within the commonwealth." Id. Thus, Idea Elan bears the burden of proof on this issue.

This is a high burden to meet on a motion to dismiss, based solely on the allegations contained in the complaint and before any fact discovery has occurred. The Court concludes that Idea Elan has not met its burden at this stage. The Massachusetts Supreme Judicial Court has instructed that whether the wrongful conduct occurred "primarily and substantially" in Massachusetts "necessarily will be fact intensive and unique to each case." Kuwaiti Danish Computer Co. v. Digital Equip. Corp., 438 Mass. 459, 472-73 (2003). This is "not a determination that can be reduced to any precise formula." Id. at 472. In making this determination, "a judge should, <u>after making findings of fact</u>, and after considering those findings in the context of the entire § 11 claim, determine whether the center of gravity of the circumstances that give rise to the claim is primarily and substantially within the Commonwealth." Id. at 473 (emphasis added).

In this case, iLabs, a Massachusetts company headquartered in Massachusetts, alleges that Idea Elan, a Virginia company, copied material from iLabs' website onto Idea Elan's

website and made false and misleading statements on Idea Elan's website, harming iLabs by causing it to lose business, among other things. According to iLabs, Idea Elan is a direct competitor that transacts business in Massachusetts, attempts to solicit business from Massachusetts research institutions and universities, and uses its website to target Massachusetts customers. Furthermore, iLabs specifically alleges that Idea Elan committed its infringing acts and false advertising in Massachusetts.

These facts are closely analogous to the facts in Berklee College of Music, Inc. v. Music Industry Educators, Inc., 733 F. Supp. 2d 204 (D. Mass. 2010), in which this Court denied a motion to dismiss a Chapter 93A claim based on a "primarily and substantially" challenge. In Berklee, the plaintiff, a Massachusetts company with its principal place of business in Massachusetts, alleged that the out-of-state defendants' websites contained material that infringed upon the plaintiff's copyrights and trademarks. Id. at 206-08. In particular, the plaintiff alleged that multiple full paragraphs of its website content appeared on the defendants' websites. Id. at 207. The defendants, their employees, and their website servers were all located outside of Massachusetts. Id. In denying the defendants' motion to dismiss, the Court explained that "[d]ue to the fact-finding process necessarily involved in evaluating the issue" of whether the wrongful conduct occurred "primarily and substantially" in Massachusetts, "this particular ground for challenging a c. 93A claim—absent some extraordinary pleading concession by a claimant—cannot be resolved on Rule 12 motions." Id. at 213 (internal quotation marks and footnote omitted). The Court further explained that this issue should be decided "on the basis of factual findings which are not appropriately made at the pleading stage." Id. (internal quotation marks and footnotes omitted).

Other decisions of this Court have stated that because the issue of where wrongful conduct occurred "presents a factual question, a section eleven cause of action, attacked via a motion to dismiss, should survive a 'primarily and substantially' challenge so long as the complaint alleges that the plaintiff is located, and claims an injury, in Massachusetts." SCVNGR, Inc. v. eCharge Licensing, LLC, Civ. No. 13-12418, 2014 WL 4804738, at *6 (D. Mass. Sept. 25, 2014) (internal quotation marks and citations omitted) (denying a motion to dismiss a Chapter 93A claim); see also AcBel Polytech, Inc. v. Fairchild Semiconductor Int'l, Inc., Civ. No. 13-13046, 2014 WL 4656608, at *7 (D. Mass. Sept. 12, 2014) (same). Cf. Workgroup Tech. Corp. v. MGM Grand Hotel, LLC, 246 F. Supp. 2d 102, 117-18 (D. Mass. 2003) (opining that "a motion to dismiss is no longer an appropriate vehicle" for making a "primarily and substantially" challenge to a Chapter 93A claim in light of Kuwaiti's guidance that this determination should be made on the basis of factual findings).

Although it may be sufficient to allege that the plaintiff is located in Massachusetts and that this is where the injury occurred, in this case, iLabs has alleged a greater connection between the wrongful conduct and Massachusetts, thereby going beyond what SCVNGR would seem to require.[1] In addition to alleging that iLabs is a Massachusetts company headquartered in Massachusetts and that iLabs lost business as a result of Idea Elan's conduct, iLabs further alleges that Idea Elan committed its infringing acts and false advertising in Massachusetts, that Idea Elan copied material from iLabs' website onto Idea Elan's website, and that Idea Elan uses

---

[1] There may be cases in which a plaintiff has alleged that it is located, and suffered harm, in Massachusetts, but where nonetheless, dismissal of a Chapter 93A claim (at least, dismissal without prejudice) is appropriate. See, e.g., Pine Polly, Inc. v. Integrated Packaging Films IPF, Inc., Civ. No. 13-11302, 2014 WL 1203106, at *7-*9 (D. Mass. Mar. 19, 2014) (dismissing without prejudice the Chapter 93A claim of a Massachusetts plaintiff that alleged financial injuries in Massachusetts, on the ground that the complaint "fail[ed] to articulate where defendant committed this misconduct or where, if at all, plaintiff received or acted upon the misconduct"; but allowing the plaintiff to seek leave to amend its complaint to allege that the misconduct took place "primarily and substantially" in Massachusetts).

its website to target Massachusetts customers. On these allegations, the Court concludes that iLabs has satisfied the liberal notice pleading standard of the Federal Rules, and its Chapter 93A claim should proceed to fact discovery. If, after discovery, Idea Elan can show that the "center of gravity" of the alleged wrongful conduct did not occur "primarily and substantially" in Massachusetts, iLabs' Chapter 93A claim will be dismissed.

## IV. Conclusion

For the above reasons, Idea Elan's partial motion to dismiss [ECF No. 17] is <u>DENIED</u> without prejudice to renewal before trial.

**SO ORDERED.**

Dated: April 1, 2015

<u>/s/ Allison D. Burroughs</u>
ALLISON D. BURROUGHS
DISTRICT JUDGE